UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN F., | : |
|       Plaintiff, | : |
| | : |
| v. | : |
| | :   C.A. No. 24-175WES |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of the Social Security | : |
| Administration, | : |
|       Defendant. | : |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge.

Plaintiff filed the above-captioned case on May 6, 2024. On August 29, 2024,[1] the Court issued a pretrial scheduling order directing Plaintiff to file a motion to modify, reverse or remand the decision of the Commissioner by September 30, 2024. Plaintiff filed a motion for extension of time (ECF No. 13) on September 30, 2024, which the Court granted by text order on October 1, 2024, setting his new deadline as October 30, 2024. Text Order of Oct. 1, 2024. Plaintiff did not comply with this deadline. Approximately a month and a half later, the Court issued a text order requiring Plaintiff to "show cause in writing by December 12, 2024, why I should not recommend that this case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Text Order of Nov. 21, 2024. Plaintiff again did not comply with the Court's directive; nothing was filed by December 12, 2024. At this point, the Court has exhausted its options and patience. With no action by Plaintiff to prosecute this case in compliance with the Court's deadlines, I recommend that this action must be dismissed without prejudice for lack of

---

[1] On the same date, this case was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

prosecution and for noncompliance with Court-ordered deadlines pursuant to Fed. R. Civ. P. 41(b).

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 16, 2024